**IGNACIO MARTIN AND SACMAG OF PUERTO RICO, INC.,**
**Plaintiffs**

**v.**

**FRANK WISE, W.D.W., INC., GEORGE DEWERD and COTE DE LA MER, Defendants**

Civil No. 159-1965

District Court of the Virgin Islands

Div. of St. Thomas and St. John

December 7, 1965

WILLIAM H. D. COX, ESQ., St. Thomas, Virgin Islands, *for the plaintiffs*

DUDLEY, HOFFMAN AND GRUNERT (GEORGE H. T. DUDLEY, ESQ., of counsel), Charlotte Amalie, St. Thomas, Virgin Islands; MAAS and IRELAND (THOMAS D. IRELAND, ESQ., of counsel), Charlotte Amalie, Virgin Islands, *for the defendants*

GORDON, *District Judge*

### MEMORANDUM OPINION

On November 8, 1965, the motion of plaintiffs for summary judgment came on for hearing. The plaintiffs were represented by William H. D. Cox, Esquire. The defendants, Frank Wise and W.D.W., Inc., were represented by Dudley, Hoffman and Grunert (George H. T. Dudley, Esquire, of

counsel) and the defendants, George DeWerd and Cote De La Mer were represented by Maas & Ireland (Thomas D. Ireland, Esquire, of counsel). After the arguments on the motion were made by the respective counsel, the Court took the motion under advisement.

The complaint in the above entitled matter was filed on May 26, 1965. The gravaman of the complaint is as follows:

"That on or about October 1962, Mr. George DeWerd and Mr. Frank Wise approach (sic) Mr. Ignacio Martin and Sacmag of Puerto Rico, Inc., for professional advice and the preparation of plans and specifications of a project for an urban development of 110 units in St. Thomas, Virgin Islands.

That a contract was signed by the (sic) Mr. Frank Wise and Mr. George DeWerd in the name of W.D.W., Inc., a non-existent (sic) Virgin Islands Corporation at that time.

W.D.W., Inc. was later incorporated by these two gentlemen. One or both of them incorporated another corporation named Cote-De-La-Mer, which together with W.D.W., Inc., in a joint venture, were to develop the project in St. Thomas, Virgin Islands.

The work was duly executed on the part of the plaintiff. As a consequence of professional services rendered a debt due and unpaid exists by the defendants in favor of the plaintiff to the amount of $5,023.64, which defendants have refused to pay."

On June 21, 1965 the defendants George DeWerd and Cote De La Mer filed a joint answer to the complaint wherein:

1. George DeWerd admitted signing the contract, referred to supra, but avers that he signed the contract in the name of W.D.W., Inc.

2. They deny that they have any interest in W.D.W., Inc.

3. They deny any responsibility for any of the debts or obligations of W.D.W., Inc.

On August 21, 1965, the defendants, Frank Wise and W.D.W., Inc., filed their joint answer wherein they admit the allegations of the complaint. As a special defense Frank Wise and W.D.W., Inc. allege certain facts which in essence

is a cross-claim against the defendants, George DeWerd and Cote De La Mer Corporation.

The theory upon which the plaintiffs have made their motion for summary judgment is that where persons purporting to act as agents for a non-existent corporation sign a contract in the name of the corporation, the agents or promoters are liable as individuals, even though the corporation subsequently becomes de jure. The facts upon which the plaintiffs rely are the following:

The written contract upon which this suit is brought was entered into on November 2, 1962, between the plaintiffs and George DeWerd and Frank A. Wise, secretary and president, respectively, of "W.D.W., Inc., a Virgin Islands Corporation". The plaintiff, Ignacio Martin, in his affidavit in support of the motion stated: "At the time that they (DeWerd and Wise) executed the said contract, they represented to your deponent that they were officers of a certain corporation know as W.D.W., Inc., a Virgin Islands Corporation; and that they were stockholders of the said corporation. They prepared to execute the said contract on behalf of the said corporation." On November 29, 1962, W.D.W., Inc. was declared a corporation by the Government Secretary for the Virgin Islands. On February 1, 1962, Cote De La Mer Corporation was declared a corporation by the Government Secretary for the Virgin Islands.

The facts which are stated in an opposing affidavit of George DeWerd upon which the defendants, George DeWerd and Cote De La Mer Corporation rely in opposition to the motion for summary judgment are as follows:

George DeWerd and Frank Wise were incorporators of W.D.W., Inc. and were secretary and president, respectively. At the organization of the corporation George DeWerd owned two-thirds (2/3) of the stock of W.D.W., Inc. and Frank Wise owned one-third (1/3). In the year 1963 Frank Wise obtained all the stock in W.D.W., Inc.,

322

and George DeWerd was removed as an officer and director of W.D.W., Inc. In 1962, Frank Wise and George DeWerd negotiated with the plaintiffs for house plans and they signed a contract on behalf of W.D.W., Inc. in their respective capacities as president and secretary of W.D.W., Inc. The contract was by and between Sacmag and W.D.W., Inc. George DeWerd did not sign individually and it was understood between the parties to the agreement that Sacmag would look for payment on the contract from W.D.W., Inc. only. The contract was meant to bind the corporation and the contract was later ratified by W.D.W., Inc. The benefit to be derived from the contract was to be that of W.D.W., Inc. The corporation did subsequently pay the sum of $2,250.00 on the contract price of $7,273.64.

The Court has read the complete file in this case and finds that there are genuine issues as to several material facts. Rule 56, Federal Rules of Civil Procedure. Before the Court could make a determination on the question whether George DeWerd is individually liable as a promoter, it will have to be ascertained if in fact the contract was ratified by W.D.W., Inc. and when it was so ratified. If it is shown that the plaintiffs' intention was to look only to the corporation and that the contract is one adoptable by the corporation and was in fact adopted by the corporation, then the plaintiffs cannot hold the promoter personally liable on the contract. Frazier v. Ash, 234 F.2d 320, 326.

Additional material facts must also be determined at the trial of this case. The defendants, George DeWerd and Cote De La Mer Corporation in their amended answer have raised questions as to whether the plaintiff has fully performed the terms of the contract such as:

1. Whether the plans and specifications furnished to W.D.W., Inc. were adequate and complete?

2. Whether building permits could be obtained due to inadequacies in the plans?

3. Whether plaintiffs failed to obtain Federal Housing Administration approvals for the plans as per the contract?

■ Because of the many material facts which have to be determined by the fact finder, the motion of the plaintiff for summary judgment as to the defendants George DeWerd and Cote De La Mer Corporation is accordingly denied.

■ With regard to the defendants, Frank Wise and W.D.W., Inc., since these defendants have admitted in their answer all of the allegations of the complaint, the Court is compelled to grant the motion for summary judgment with respect to Frank Wise and W.D.W., Inc. Therefore, the Court shall enter a partial summary judgment with respect to the liability of Frank Wise and W.D.W., Inc. 6 Moore's Federal Practice (2nd Ed.) § 56.20[3], page 2303. Although the Court has adjudicated part of the claim asserted, this partial summary adjudication should not be construed as a final judgment. 6 Moore's Federal Practice (2nd Ed.) § 56.20[3], page 2307.

Upon the trial of this matter the Court will determine plaintiffs' claim against the defendants, George DeWerd and Cote De La Mer Corporation, and the defendants', Frank Wise and W.D.W., Inc., cross-claim against the defendants, George DeWerd and Cote De La Mer Corporation.