389 F.2d 619
 Anesta CALISTRO, Viola Blake, Theodore Calistro, Felix
Calistro, Felicia Calistro, Isabel Calistro, Beryl Best,
Bernice Anderson, Melita Bartlett, Medina Scatliffe, and
Altagracia Calistro, Plaintiffs,
v.
Osmond KEAN, Eustace Dench, Wilfred Monsanto, Leroy
Monsanto, Leon Monsanto, Luther Monsanto, James W. Huston,
as the Commissioner of Public Works, and All Other Persons
Claiming an Interest in Estate Lille Norge (Longmat) and/or
Estate Mariendahl (Brookman), Defendants, Osmond Kean, Appellant.
 No. 16435.
 United States Court of Appeals Third Circuit.
 Argued Dec. 5, 1967.
Decided Feb. 19, 1968.
 
 George H. T. Dudley, Dudley & Grunert, Charlotte Amalie, St. Thomas, V.I., for appellant.
 William H. D. Cox, Hilton Head Islands, S.C., for appellees.
 Before KALODNER, GANEY and SEITZ, Circuit Judges.
 OPINION OF THE COURT
 GANEY, Circuit Judge.
 
 
 1
 This case involves a civil proceeding in the nature of a declaratory judgment action[1] for an authoritative declaration as to where certain boundary lines should be drawn. The action was brought in the District Court of the Virgin Islands by the heirs of Alexander Calistro as tenants in common of the Estate Lille Norge (also known as Estate Longmat), 5 Red Hook Quarter, St. Thomas, Virgin Islands. This estate is north of and adjacent to a larger property known as Estate Mariendahl, 4 Red Hook Quarter, St. Thomas, Virgin Islands. Roughly Estate Mariendahl is divided among three interests. The western portion is owned by Osmond Kean and Eustace Dench. The eastern portion, with the exception of a triangular shaped piece of property of about 41 acres carved out of the southern section and owned by the Danielsons, belongs to the Monsanto defendants.
 
 
 2
 The prayer for relief in plaintiffs' complaint asks for a decree and order in two parts, (1) 'that the course of the fense erected as the boundary line between Estate Lille Norge and Estate Mariendahl be fixed and decreed as the boundary line between the property of the plaintiffs and the property of the Monsanto defendants', and also asks, (2) 'that the easterly boundary line described in the deed under which the defendants, Osmond Kean and Eustace Dench, claim property, be decreed as the eastern boundary line of their property.'
 
 
 3
 In their answers to the complaint, defendants joined in the request for the establishment of the true and proper southern boundary of Estate Lille Norge. However, the defendants made no mention in their pleadings of joining in any action to be taken regarding the boundary line between the eastern and western divisions of Estate Mariendahl. None of the defendants has filed a cross-claim.
 
 
 4
 Nevertheless, at the trial in the latter part of March, 1966, the sole issue appeared to be where a straight line running north thirty-six degrees and 05 minutes east and dividing the eastern portion from the western part of Estate Mariendahl should be drawn. The attorney for the plaintiffs bore the brunt of the burden of establishing that the line should be drawn through a point 'A' on the southern boundary of the estate which was over a thousand feet westwardly from point 'D' through which defendant Kean said the line should pass. The land area between these two lines was over ninety acres. The trial judge found, in agreement with the plaintiffs and the Monsanto defendants, that the straight line passed through point 'A'. A document entitled 'Judgment' contains a recital that it is ordered that the boundary line is issue is established as passing through point 'A' and 'that the Department of Public Works conform their records accordingly.' The order was approved as to form by the court on November 29, 1962, and the 'final Judgment' of the court was signed and entered in this action November 29, 1966.[2] From this judgment defendant Kean has appealed.
 
 
 5
 Section 1291 of the Judicial Code, Title 28, U.S.C., in pertinent part, provides: 'The courts of appeals shall have jurisdiction of appeals from all final decisions of the * * * District Court of the Virgin Islands, * * *.' The appeal in this case is not from a final decision of the District Court of the Virgin Islands.[3]
 
 
 6
 Section 25 of the Revised Organic Act of 1954, 48 U.S.C. 1615, makes the Federal Rules of Civil Procedure, 2 V.I.C., Title 5, Appendix I, prec., applicable to civil cases in the District Court of the Virgin Islands, and to appeals therefrom.
 
 
 7
 Rule 54(b) of the Federal Rules of Civil Procedure, 2 V.I.C., Title 5, Appendix IR 54, provides:
 
 
 8
 '(b) JUDGMENT UPON MULTIPLE CLAIMS OR INVOLVING MULTIPLE PARTIES. When more than one claim for relief is presented in an action, whether as a claim, counter-claim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims of parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all claims or the rights and liabilities of fewer than all parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.'
 
 
 9
 In this case multiple parties are involved and more than one claim for relief is presented. The document entitled 'Judgment' contained neither a determination that there is no just reason for delay nor an express direction for the entry of judgment. The record does not disclose that the question of the boundary line between Estate Lille Norge and Estate Mariendahl has been withdrawn or that the parties have agreed among themselves as to where it exists. However, there is testimony in the record by one Richard Seidle, a registered surveyor with the Antilles Land Development Company of St. Thomas, who made a survey at the request of defendant Kean. He stated that a portion of the southern boundary line of Estate Mariendahl was a fence line which defendant Kean pointed out, later corroborated by plaintiff Calistro, as well as one of the Monsanto's and a concrete monument was erected thereon. This point was the starting point which the court determined and was designated point 'A' and proceeded northwardly thirty-six degrees 05 minutes and, according to Seidle, was 1000 feet west of the Danielson property and contained some ninety acres. The accompanying map is a composite of Exhibit J-1 and
 
 
 10
 (ILLUSTRATION OMITTED)
 
 
 11
 the McCluskey and Wells surveys and is only intended, since none of the maps were drawn to scale, to show roughly the geographic situation of the various parties and the failure of the court to define the boundary line of the Calistro or Longmat property. The testimony of Wells, a registered surveyor in St. Thomas, was to the effect that the line starting from the point determined by the court did not go completely up to an alleged fence, line 'C' of the Calistro or Longmat property, as depicted on the map, but went only so far as point 'X' and then ran northeasterly to the eastern boundary line of Mariendahl Estate. The F. R. McCluskey survey made in November, 1966, began at point 'D' on the map, extended along the line northwardly thirty-six degrees and 05 minutes through what is alleged to be the Calistro property and designated as line 'E' to the southern boundary of Estate Smith Bay.
 
 
 12
 This conflicting testimony is offered to show the confusion that exists in the court's failure to define the southeastern and southwestern boundary lines of the Calistro Estate as requested in the prayer for relief. While the court took voluminous testimony concerning the eastern boundary line of the Kean Estate, in its judgmnet it said nothing about the southern and western boundary lines of the Calistro Estate, as we have indicated. Though in the prayer of the petition the court was requested to show the southern boundary line of the Calistro Estate and at trial the request was made to determine the same, as well as a letter by counsel after judgment entered to amend the decree, there was no response forthcoming from the court. Though it may well be that the southeastern boundary line of Calistro is line 'E', as drawn on McCluskey's survey, or it may be the southeastern line, as drawn by the Wells survey, line 'F', and the southwestern boundary line of the Calistro property may be the broken fence line depicted as 'C', and the western boundary line may be the broken fense line depicted by 'Z', none of these boundaries have been, in any wise, declared by the court in its judgment.
 
 
 13
 Accordingly, since one of the purposes of trial is to determine the boundary line of Calistro or Longmat property, the dispute is still before the court since it has been undecided by it.
 
 
 14
 The appeal will be dismissed for lack of jurisdiction in this court and the action will be remanded to the District Court of the Virgin Islands to make disposition of all issues raised in the pleadings and no finality is to be attached to the judgment here rendered as all boundary lines herein adverted to may be subject to revision by the court before entry of final judgment adjudicating all claims herein in conformity with Rule 54(b) of the Civil Rules of Federal Procedure.
 
 
 
 [1]
 28 U.S.C.A. 2201, 2202
 
 
 [2]
 In this court, the attorney for plaintiffs below filed a brief and appendix and argued the case for the 'appellees'. The brief indicates that he represents the 'plaintiffs-appellees'
 
 
 [3]
 For example, see Martin v. Wise, 38 F.R.D. 477, 480 (D.C.V.I.1965)