**UNITED BONDING INSURANCE COMPANY**

v.

**Louis STEIN, Betty Stein, and Lee G. Braunstein, a/k/a L. G. Braunstein, Appellants.**

**Nos. 17511–17513.**

United States Court of Appeals Third Circuit.

Argued Feb. 19, 1969.

Decided May 9, 1969.

---

**484**

See also D. C., 273 F.Supp. 929.

M. Melvin Shralow, Goodis, Greenfield, Narin & Mann, Philadelphia, Pa. (Theodore R. Mann, Barry E. Ungar, Philadelphia, Pa. on the brief), for appellants.

Paul J. Donnelly, Philadelphia, Pa., for appellee.

Before VAN DUSEN, ALDISERT and STAHL, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Appellants were parties to a written indemnity agreement with the United Bonding Insurance Company, which had posted performance and maintenance, labor and material payment bonds as surety on a construction project. Prior to issuing these bonds, United had insisted upon and received an indemnity agreement from the individual appellants requiring them to stand ready to deposit collateral upon the request of United and to hold United harmless in the event it incurred losses on its surety bonds.

When the contractor was adjudicated a bankrupt and was unable to meet its construction obligations, United called upon the appellants to deposit the collateral in accordance with the agreement. Their refusal to do so prompted this action.

In its complaint in the court below, United asked for the following relief: (1) an order for specific performance of the deposit-of-collateral provision requiring appellants to deposit the sum of $75,000 as collateral; (2) an order requiring the appellants to exonerate appellee from liability under the bonds; (3) an award against the appellants in such amounts as should be determined to be the liability of the appellee-surety under the bonds.

After a motion by appellants to dismiss the action had been denied, appellee filed a motion for summary judgment requesting "partial Summary Judgment in its favor requiring defendants to deposit with plaintiff the sum of $75,000.-00" in accordance with the indemnity agreement and "partial Summary Judgment in the sum of $49,948.96, being the amount of claims actually paid by the plaintiff [bonding company] prior to the filing of this Motion."

The district court granted relief on the request for the deposit of collateral but denied any further relief. The court said, in the opinion by Judge Kirkpatrick:

"The first part of the motion for summary judgment is granted and judgment may be entered in favor of the plaintiff ordering the deposit of $75,-000 as collateral in accordance therewith.

"As to the second part of the motion for summary judgment it is clear that there are unresolved issues upon which, in my judgment, it would be improper and unwise to enter a summary judgment before full discovery has been had. Therefore, partial summary judgment in the amount prayed for is denied."

These appeals are from the order of the court granting the "partial summary judgment" for the deposit of collateral.

At oral argument on these appeals we indicated to the parties that there was a serious question as to whether this order was appealable.[1] We permitted the parties to argue the appeals on the merits, and asked for supplemental memoranda directed specifically to the question of appealability. Able counsel for the parties have supplied excellent briefs on this point.

Congress has directed that "The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts." 28 U.S.C.A. § 1291. Federal Rule 54(b) provides that when more than one claim for relief is presented in an action, judgment on less than all the claims shall not be deemed final—and thus appealable—unless the district court so determines and directs. In addition, Rule 54(b) expressly states that:

"In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

Read together, Section 1291 of Title 28 and Federal Rule 54(b) thus present two essential ingredients for rendering a judgment final. First, the substance of the matter litigated and upon which the order is entered must be "final" within the statutory conception of Section 1291,[2] and second, in a multiple claim

---

1. See Aetna Insurance Co. v. Newton, 398 F.2d 729 (3 Cir. 1968), in which Judge Kalodner emphasized that we are required to raise the question of appealability *sua sponte* as we did here; Calistro v. Kean, 389 F.2d 618 (3 Cir.1968); 6 Moore, Federal Practice, ¶ 54.28[2] (2d ed. 1966); Annot., 38 A.L.R.2d 377 (1954).

2. This is the concept of "finality" as expressed in decisions such as Forgay v. Conrad, 6 How. 201, 47 U.S. 201, 12 L.Ed. 404 (1848), in which an order compelling the transfer of property with an express grant of execution was held

appealable even though other claims in the action remained pending. Appellant argues that the present order is appealable because it falls within the *Forgay* doctrine. We do not regard *Forgay*, decided many years prior to the adoption of Rule 54(b), as being beyond its reach. Rather, we interpret Rule 54(b) as an efficient procedural device with which the district court can impose finality to its partial adjudication of a multi-claim action where warranted. In this way, Rule 54(b) removes the substantial uncertainty which accompanied the question of finality before its adoption. In DiBella v. United States, 369 U.S. 121,

action, the district court must conform its judgment to the requirements of Rule 54(b).

■ Assuming that the judgment entered by the court below was final within the conception of Section 1291, the fact remains that the district court made no certification under Rule 54(b), nor was any request for such action made by the parties. The judgment is therefore subject to revision at any time before the entry of judgment on all the claims presented in the action. In this posture, the district court's judgment ordering the deposit of collateral cannot be viewed as final.

■ In an effort to avoid the requirement of finality, appellants urge that the partial summary judgment entered below was, in fact, a mandatory injunction and thus, although interlocutory, was nonetheless appealable under the express provisions of 28 U.S.C.A. Section 1292(a) (1).[3] Both district judges involved in the case below, however, characterized the present order as enforcing specific performance of the parties' agreement. The term "injunction" appears at no point in the proceedings below. Although we are aware that "the label used to describe the judicial demand is not controlling," Independent Petroleum Workers of New Jersey v. Esso Standard Oil Co., 235 F.2d 401 (3 Cir. 1956), it is nonetheless persuasive evidence against reaching a differing interpretation as a matter of first impression at the appellate level.

■ An injunction is a prohibitive writ issued by a court of equity forbidding a party-defendant from certain action, or in the case of a mandatory injunction, commanding positive action. The philosophy behind the use of injunctive relief is the recognition of the necessity to restrain or compel conduct in those extraordinary situations where irreparable injury might result from delay or inaction. Wyrough & Loser Inc. v. Pelmor Laboratories, Inc., 376 F.2d 543 (3 Cir. 1966).

■ A bill for specific performance lacks the elements of timely action and irreparable injury which essentially characterize the use of injunctive relief. It refers fundamentally to the performance of obligations which the parties have, by contract, agreed to perform. Unlike an injunction, which can be employed procedurally to preserve rights pending the outcome of the substantive litigation, the remedy of specific performance is, generally speaking, dispositive of the substantive rights of the parties.

■■ Conceding that in some cases the difference between an injunction and specific performance may escape precise definition, we agree with the court's statement in Taylor v. Board of Education, 288 F.2d 600, 604 (2 Cir. 1961), that "not every order containing words of command is a mandatory injunction within that section [28 U.S.C. A. § 1292(a) (1)]" and conclude that the order of the court below, granting "judgment * * * in favor of the

126, 82 S.Ct. 654, 657, 7 L.Ed.2d 614 (1962), the Court noted that even where the concept of finality is met in its traditional sense, an appeal in a multiple claim litigation will lie "only when the trial judge certifies that 'there is no just reason for delay.'"

3. The appellant also urges that the judgment entered below qualifies for appellate review under the "collateral rule" enunciated in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), which held that an order requiring plaintiff to deposit security as a prerequisite to maintaining a stockholder's derivative action was appealable. The same holding can be found in Chabot v. National Securities and Research Corp., 290 F.2d 657 (2 Cir. 1961). In each of these cases, the courts said that the deposit order was appealable because it was "not an ingredient of the cause of action and [did] not require consideration with it." Such is not the case here. The object of the summary judgment was one of the claims for relief sought in the action and was most certainly one of the ingredients of the substantive claim.

plaintiff ordering the deposit of $75,000 as collateral," was not an injunction as contemplated by the statute permitting appeals.

The appeal will be dismissed for want of jurisdiction.