**Stephen JUZWIN and Mary Juzwin, his wife, Plaintiffs,**

v.

**AMTORG TRADING CORP., et al., Defendants.**

**Civ. No. 87–3876.**

United States District Court, D. New Jersey.

Sept. 5, 1989.

Garruto, Galex & Cantor, Jane B. Cantor, and Francis A. Tomes, East Brunswick, N.J., for plaintiffs.

Budd Larner Gross Picillo Rosenbaum Greenberg & Sade, P.C., and John J. Catino, Short Hills, N.J., for defendant-third party plaintiff Amtorg Trading Corp.

McCarter & English, Andrew T. Berry, Honora M. Keane, and Charles F. Rysavy, Newark, N.J., for defendant Carey Canada, Inc.

Goldfein & Joseph, P.C., David A. Katzenstein, and Scott I. Fegley, Princeton,

N.J., for defendants Asbestos Corp. Ltd. and Bell Asbestos Mines, Ltd.

Bressler, Amery & Ross, Gladys W. Orr, Morristown, N.J., for defendant Metropolitan Life Ins. Co.

O'Donnell, Kennedy, Vespole & Piechta and Leon B. Piechta, West Orange, N.J., for defendant Leonard J. Buck, Inc.

## OPINION

SAROKIN, District Judge.

In this asbestos-related personal injury action, plaintiffs move for reconsideration of the court's opinion of March 19, 1989, which held that multiple awards of punitive damages for a single course of wrongful conduct violate the defendants' rights under the Due Process Clause of the Fourteenth Amendment. *Juzwin v. Amtorg Trading Corp.*, 705 F.Supp. 1053 (D.N.J. 1989). An order accompanying the court's opinion was filed on June 1, 1989, which provided that plaintiffs' claims for punitive damages would be stricken against any defendant who presented competent proof that it had already paid an award of punitive damages for the same course of wrongful conduct alleged by the plaintiffs in the present action. The court will grant plaintiffs' motion for reconsideration.

## DISCUSSION

■ Plaintiffs characterize their motion for reconsideration as a motion for relief from an order pursuant to Fed.R.Civ.P. 60(b)(1) ("mistake, inadvertence, surprise or excusable neglect") and 60(b)(6) ("any other reason justifying relief"). However, the court deems the motion to be more appropriately one under Rule 12(I) of the General Rules of this court. Neither Rule 60(b) nor Rule 59(e) is necessarily applicable to plaintiffs' motion, since the court's order of June 1, 1989 is not a final judgment or order but is merely interlocutory in nature. Absent certification as a final order pursuant to Rule 54(b), an order is "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed.R.Civ.P. 54(b). Thus, the court is empowered to reconsider and modify its orders until such time as a final judgment is rendered in the action. *See, John Simmons Co. v. Grier Brothers Co.*, 258 U.S. 82, 42 S.Ct. 196, 66 L.Ed. 475 (1922); *Fireman's Fund Insurance Co. v. Myers*, 439 F.2d 834, 838 (3d Cir.1971); *United States v. Jerry*, 487 F.2d 600, 604 (3d Cir.1973).

Rule 12(I) of the General Rules of this court requires a party moving for reconsideration to set forth concisely "the matters or controlling decisions which [that party] believes the Court overlooked."[1] Plaintiffs have set forth at length the legal precedent and policy concerns which support their contention that due process concerns are not implicated in the present action and that the remedy fashioned by this court is both impracticable and inequitable.

■ Having reconsidered its opinion regarding plaintiffs' punitive damages claim in this matter in light of plaintiffs' submissions, the court abides by its previous ruling that repetitive awards of punitive damages for the same conduct violate a defendant's due process rights. However, notwithstanding that conclusion, the court has also reconsidered what remedy would be appropriate in view of the above ruling. In its order of June 1, 1989, the court ruled that punitive damages claims would be stricken against any defendant who could demonstrate that it had paid a prior award of punitive damages for the same wrongful conduct alleged by plaintiffs. Upon reconsideration, the court is concerned about the fairness of applying its ruling retroactively absent prior notice to those adversely af-

---

1. Rule 12(I) of the General Rules of this court provides that motions under the rule must be filed within ten days after entry of the order to be reconsidered. Although defendants contend that plaintiffs' motion was not filed within the ten day period, the court finds that plaintiffs' motion was timely. The court initially entered an order on May 17, 1989, which was subsequently superseded by an order entered on June 1, 1989. Plaintiffs' motion was filed on June 12, 1989. Pursuant to Fed.R.Civ.P. 6, when a period of time prescribed under the rules is less than eleven days, the computation will exclude weekends and court holidays. Because the time period for filing a motion for reconsideration began to run on June 1, when the court's amended order was entered on the docket, plaintiffs' motion was timely filed.

fected by this ruling and the court's inability to effectuate its ruling prospectively absent uniformity either through legislation or a Supreme Court determination.

In order to bar a plaintiff from asserting a punitive damages claim against a defendant, the following conditions must be met during the proceedings which lead to the award of punitive damages against such defendant:

1. A full and complete hearing must be held, after adequate time has elapsed to investigate and discover the full scope and consequences of such conduct and during which all relevant evidence is presented regarding the conduct of the defendant against whom the claim is made;

2. Adequate representation is afforded to the plaintiff, with an opportunity for plaintiffs similarly situated and their counsel to cooperate and contribute towards the presentation of the punitive damages claim, including presentation of the past and probable future consequences of the defendant's wrongful conduct;

3. An appropriate instruction to the jury that their award will be the one and only award of punitive damages to be rendered against the company for its wrongful conduct;

4. Such other conditions as will assure a full, fair and complete presentation of all the relevant evidence in support of and in opposition to the claim.

Upon reflection, the court concludes that it cannot be satisfied that the foregoing criteria have been met in any trial which has already transpired. Furthermore, even if the criteria were or could be met, this court does not have the power or the authority to prohibit subsequent awards in other courts, notwithstanding its opinion that such subsequent awards violate the due process rights of the defendants against whom such verdicts are entered. Until there is uniformity either through Supreme Court decision or national legislation, this court is powerless to fashion a remedy which will protect the due process rights of this defendant or other defendants similarly situated.

If this court were to abide by its original decision to prohibit an award in the present case if a defendant has paid a prior punitive damages award, there is no assurance that the due process concerns implicated by multiple awards of punitive damages would be vindicated. Given the diversity of treatment of punitive damages awards in the fifty states, it would be impossible for this court to ensure that the "one and only" prior award contemplated the "full" damage caused by a defendant's wrongful conduct. Many states have caps or other limitations on awards of punitive damages which restrict a jury's ability to award what they might determine to be the "correct" amount of punitive damages to fully punish a defendant for its wrongful conduct.

For example, Colorado limits punitive awards to an amount equal to actual damages, but the court is given the discretion to make an addition of up to three times the actual damages in certain cases of aggravated conduct. Colo.Rev.Stat. Sec. 13–21–102 (1987). Texas limits awards of punitive damages to four times the amount of actual damages, or $200,000, whichever is greater, for cases involving "fraud" or "gross negligence" but not for cases involving "malice" or intentional torts. Tex. Civ.Proc. & Rem.Code Ann. Secs. 41.-001–.008 (Vernon Supp.1988). In many states, juries are instructed that awards of punitive damages must bear some "reasonable relationship" to the amount of actual damages sustained by the plaintiff. Despite this vague limitation on a jury's ability to assess punitive damages, it provides some support for plaintiffs' contention that a jury making a prior award of punitive damages may not have considered the full effect of a defendant's conduct with respect to those people other than the plaintiff who were injured by such conduct. Thus, a second award of punitive damages may not necessarily violate the fundamental fairness requirement of the Due Process Clause if the first award was not intended by the jury to constitute "full" punishment for the defendant's wrongful conduct.

In the court's view, it would not be fair to bar plaintiffs by reason of the conduct of other litigants in other actions without any prior notice, thus negating any retroactive application of the court's conclusions in this matter; and the court is powerless to limit other courts from considering identical punitive damages claims against the same defendants, thus making prospective implementation of its ruling impossible.

Therefore, although the court has concluded that there has been or may be a violation of defendants' due process rights through repetitive awards of punitive damages, the court can conceive of no remedy absent a uniform law to implement the conclusions reached herein.[2] Therefore, the defendants' motions to dismiss the punitive damages claims based upon prior punitive damages awards against them is denied.

CONCLUSION

The court abides by its ruling that multiple awards of punitive damages for a single course of conduct violate the fundamental fairness requirement of the Due Process Clause, but concludes that equitable and practical concerns prevent it from fashioning a fair and effective remedy. If this court's view of the law is correct, then the need for uniform legislation is manifest.

The court will thus vacate its order of June 1, 1989, which provides that plaintiffs' punitive damage claim will be dismissed against any defendant who can establish that a prior punitive award has been entered against it for the same course of conduct upon which plaintiffs rely, and the court will enter an order denying defendants' motion to dismiss plaintiffs' punitive damage claims. However, the court's present ruling will be without prejudice to those defendants against whom punitive damages might ultimately be awarded af-

ter trial of this matter. At that time, upon the motion of any defendant against whom a punitive damage award has been rendered, the court will consider what, if any, remedy will be appropriate to protect that individual defendant's due process interests.

---

**2.** In this regard, the court notes the efforts of the A.B.A. Section of Litigation and the American College of Trial Lawyers' Committee on Special Problems to institute national legislation addressing the problem of multiple awards of punitive damages in mass tort litigation. The court concurs in their view that a national solution is necessary which would place claims for punitive damages in the context of mass tort litigation in one federal forum and which would create specific standards for awarding punitive damages and some method of allocating an ultimate award to present and future plaintiffs. *See,* "Punitive Damages: A Constructive Examination," 1986 ABA Sec. Litigation, Special Committee on Punitive Damages at 78–81; Report on Punitive Damages of the Committee on Special Problems in the Administration of Justice, American College of Trial Lawyers (March 3, 1989) at 20–26.