■ INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTSMEN LOCAL UNION NO. 44, Respondent, v CONSTRUCTION EMPLOYERS OF THE HUDSON VALLEY, INC., et al., Appellants.—In an action to recover damages predicated upon defendants' alleged interference with certain collective bargaining agreements, the appeal is from an order of the Supreme Court, Dutchess County, dated June 27, 1977, which denied defendants' motion to dismiss the complaint. Order affirmed, with $50 costs and disbursements. Whether the nonmember contracts were illegal, as claimed by defendants, cannot be determined from a mere reading of the complaint. Proof in that regard is required. Accordingly, liberally construed, the complaint is sufficient as a pleading. Titone, J. P., Rabin, Shapiro and Cohalan, JJ., concur.

■ ARLENE JETTE et al., Appellants, v LONG ISLAND JEWISH-HILLSIDE MEDICAL CENTRE, Respondent, et al., Defendants.—In an action to recover damages for medical malpractice, etc., plaintiffs appeal from an order of the Supreme Court, Nassau County, dated June 3, 1977, which, *inter alia:* (1) vacated a prior order of the same court, which prior order directed a severance of the action and directed that there be an inquest as against the respondent; and (2) granted respondent leave to serve an answer, upon condition that its attorneys personally pay the sum of $250, as costs, to the attorney for the plaintiff. Order modified by increasing the amount of costs payable to plaintiffs' attorney to the sum of $500. As so modified, order affirmed, with $50 costs and disbursements to appellants. On March 12, 1976 plaintiffs served their complaint upon the respondent hospital. They received no response and, in May, moved for a severance and an inquest based upon the hospital's failure to answer. Respondent opposed the motion, claiming its default in answering was due to inadvertence. That motion was denied in June on condition that defendant serve an answer within 10 days. Respondent still did not serve an answer. Three months passed and plaintiff again moved for a severance and an inquest. Defense counsel again opposed the motion and attributed the default to inadvertent law office failures. No medical affidavits were submitted as part of the opposition papers to demonstrate that the hospital had a meritorious defense. Special Term granted the motion in December, 1976. In March, 1977, the hospital moved, *inter alia,* to vacate the December order, this time accompanying its papers with medical affidavits supporting its defense. Finally, on June 3, 1977, 15 months after the service of the complaint, respondent was relieved of its default and allowed to serve an answer, on condition that defense counsel personally pay $250 to plaintiff's attorneys. CPLR 5015 (subd [a]) authorizes a court which rendered a judgment to relieve a party from its default "upon such terms as may be just". In cases where a default was occasioned by "law office failure", it has been our policy to visit the penalty for the neglect upon the responsible attorney personally, rather than upon his client *(Moran v Rynar,* 39 AD2d 718). Under the circumstances of this case, including the lengthy delay and the numerous motions necessitated by the neglect of the attorneys for the respondent hospital, a fine of $500 should have been imposed. Martuscello, J. P., Damiani, Cohalan and Hawkins, JJ., concur.