■ FREDERICK M. SLADKY et al., Respondents, v MORMILE & SONS, INC., et al., Appellants.—In a negligence action to recover damages for personal injuries, etc., defendants appeal from an order of the Supreme Court, Nassau County, dated May 19, 1978, which (1) denied their motion to dismiss the action for failure to serve a timely complaint pursuant to CPLR 3012 (subd [b]) and (2) granted plaintiffs' cross motion (a) to be relieved of their default in the timely service of a complaint and (b) for leave to serve a complaint. Order affirmed, without costs or disbursements, on condition that plaintiffs' attorneys personally pay the sum of $250 to defendants within 20 days after service upon plaintiffs of a copy of the order to be made hereon, together with notice of entry thereof; in the event such condition is not complied with, order reversed, with $50 costs and disbursements, motion granted and cross motion denied. The attorneys' neglect in allegedly placing the summons with notice, and the notice of appearance and demand for a complaint, in the file of a companion action and in not locating those papers or serving a complaint herein until the defendants' motion papers were served, should not deprive their clients of their day in court. In cases where a default was occasioned by "law office failure", it has been our policy to visit the penalty for the neglect upon the responsible attorney personally, rather than upon his client (see *Jette v Long Is. Jewish-Hillside Med. Centre,* 61 AD2d 808; *Moran v Rynar,* 39 AD2d 718). Martuscello, J. P., Titone, Hawkins and O'Connor, JJ., concur.

■ NATALIE WALTERS, Appellant, v GOVERNMENT EMPLOYEES INSURANCE Co., Respondent.—In a proceeding to confirm an arbitration award relating to no-fault benefits, the claimant appeals from a judgment of the Supreme Court, Nassau County, dated May 29, 1978, which denied the application and vacated the award. Judgment affirmed, with $50 costs and disbursements. The claimant was injured when she fell while getting out of bed inside a tent trailer which was parked in a campground. At the time, the trailer was allegedly still attached to the insured motor vehicle. Special Term properly held that there is no rational basis for the arbitrator's conclusion that this accident arose out of the "use or operation" of a motor vehicle (cf. *Reisinger v Allstate Ins. Co.,* 58 AD2d 1028, affd 44 NY2d 881; *McConnell v Fireman's Fund Amer. Ins. Co.,* 49 AD2d 676). Martuscello, J. P., Titone, Hawkins and O'Connor, JJ., concur.