■ COMMERCIAL PROGRAMMING UNLIMITED et al., Appellants, v COLUMBIA BROADCASTING SYSTEMS, INC., et al., Respondents, et al., Defendants.— Order, Supreme Court, New York County, entered November 29, 1978, granting defendants-respondents' motion for summary judgment dismissing the complaint, reversed, motion for summary judgment denied, judgment entered thereon, January 12, 1979, dismissing the complaint, vacated, and the complaint reinstated, on the law and in the exercise of discretion, without costs, on condition that, within 20 days after service of a copy of the order entered hereon, with notice of entry thereof, counsel for plaintiffs-appellants shall personally pay to defendants-respondents costs of $1,000, and, failing the payment of costs as aforesaid, the order of November 29, 1978 and judgment of January 12, 1979 shall be affirmed, with one bill of costs to be paid by plaintiffs-appellants to defendants-respondents. The suit is basically for libel, the complaint in which was served more than five years ago. After the complaint was sustained here on appeal (50 AD2d 351), demand was made in June, 1976 for particulars, responded to in September by an inadequate bill. On a motion to preclude for inadequacy, conditional preclusion was granted but plaintiffs were given an opportunity for a proper response; that opportunity was not availed of, but plaintiffs noticed an appeal from the order of conditional preclusion. The order of preclusion was stayed by consent, conditioned on perfection of the appeal for the May, 1977 Term. This date was not met but, in March, 1978, a supplemental bill was served. Respondents moved to dismiss the appeal, which was withdrawn instead. There being no longer an appeal, the consent stay of operation of the preclusion order automatically terminated, and it was still in effect. The instant motion for summary judgment, based on the preclusion effectively barring presentation of plaintiffs' case, followed, and was granted. Upon argument of this appeal, plaintiffs' counsel presented the altogether too familiar plea that law office failure should not deprive the client of a day in court. We take him at his word. (See *Jette v Long Is. Jewish-Hillside Med. Centre,* 61 AD2d 808; CPLR 5015 subd [a].) Concur—Birns, J. P., Sandler, Sullivan, Lane and Markewich, JJ.