OPINION OF THE COURT
Memorandum.
Order affirmed, without costs.
In this personal injury matter, the claimant fell to the ground as she was walking to the front of a New York City Transit Authority bus to board it. She was three to six feet away from the door when she caught the heel of her shoe in broken pavement and suffered injuries to her foot and shoulder. The matter was submitted to compulsory arbitration pursuant to subdivision 2 of section 675 of the Insurance Law. The arbitrator found that claimant was a "covered person” under the "no-fault” provisions of the Insurance Law. The Transit Authority moved to vacate the award and the court below granted that application.
The scope of judicial review of an arbitrator’s award in a compulsory arbitration is broader than that standard of review utilized in a voluntary arbitration (Mount St. Mary’s Hosp. of Niagara Falls v Catherwood, 26 NY2d 493, 508; Caso v Coffey, 41 NY2d 153, 158; Matter of Furstenberg [Aetna Cas. & Sur. Co.], 67 AD2d 580). Applying this broader standard of review to the case at bar the court below properly vacated the award on the ground that the arbitrator’s decision lacked a rational basis. "A pedestrian cannot be converted into a user [of a motor vehicle] by virtue of the close proximity to his vehicle. Intention to use is not synonymous with use” (Thomas v Travelers Ins. Co., 87 Misc 2d 136, 139, affd 54 AD2d 608; see, also, Matter of Manhattan & Bronx Surface Tr. Operating Auth. [Gholson], 71 AD2d 1004). The claimant was not a pedestrian injured through the "use or operation” of a motor vehicle as defined in subdivision 10 of section 671 of the Insurance Law and thus, is not a "covered person” under the statute.
Concur: Pino, P. J., and Hirsch, J.; Weinstein, J. taking no part.