436 A.2d 698

**Carol Jean WALLS**

v.

**CITY OF PITTSBURGH.**

**Appeal of AMERICAN MOTORISTS INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued April 16, 1980.

Filed Oct. 30, 1981.

---

S. Asher Winikoff, Pittsburgh, for appellant.

Joseph M. Zoffer, Pittsburgh, for Walls, appellee.

Joseph A. Fricker, Jr., Assistant City Solicitor, Pittsburgh, did not file a brief on behalf of City, appellee.

Before SPAETH, WICKERSHAM and LIPEZ, JJ.

LIPEZ, Judge:

Appellee Carol Jean Walls was injured when, as a result of the negligent driving of an uninsured motorist,[1] the bus

---

1. The identity of this driver was never discovered. He was termed "uninsured" for the purposes of Walls's recovery under her policy.

she was operating was diverted into a pothole in a street owned and maintained by the City of Pittsburgh (Pittsburgh). Walls sought recovery of her damages by filing a claim under her uninsured motorist insurance carried by appellant American Motorists Insurance Company (American), and by commencing the instant action against Pittsburgh alleging negligent roadway maintenance. An arbitration panel awarded Walls ten thousand dollars from American. Walls then signed an agreement drafted by American and containing, inter alia, the following:

> This agreement is not intended to release any claim of action for damages against the owner or operator or any persons, firms or corporations responsible for the operation of the said uninsured automobile. It is further agreed that [American] shall be entitled [,] to the extent of such payment, to the proceeds of *any settlement* or judgment that may result from the exercise of any rights of recovery against *any person or organization legally responsible for causing the injury or death on account of which said payment is made,* and all such rights of recovery shall be held in trust for the benefit of [American]. The undersigned agrees to do whatever is necessary to secure, and to do nothing to prejudice, such rights.

(Emphasis added.) Walls subsequently settled with Pittsburgh for fifty thousand dollars. American sought to intervene, asserting that, since Pittsburgh was a "person or organization legally responsible for causing the injury on account of which" American had paid Walls, ten thousand dollars of the settlement was due American under the agreement. The court below denied American's petition to intervene.

Examined without external reference, the agreement supports American's position. The language of the contract unambiguously grants American the right to recover monies it had paid an injured insured under uninsured motorist coverage from any money received in settlement of the insured's claim against *any person* legally responsible for the

injury, even if such person has no relation at all to the uninsured motorist.

The part of the agreement at issue, however, is taken virtually verbatim from section (d) of the Uninsured Motorist Act (Act).[2] Section (d) provides, in relevant part:

> In the event of payment to any person under [uninsured motorist coverage], the insurer making such payment shall, to the extent thereof, be entitled to the proceeds of any settlement of judgment resulting from the exercise of any rights of recovery of such person against *any person or organization legally responsible for the bodily injury for which such payment is made* . . . .

(Emphasis added.)

Our interpretation of this statutory language, therefore, defines the boundaries of the similar broad language of the agreement. Since the appellate courts of Pennsylvania have not heretofore considered the issue raised in this appeal, we must look to those courts' general statement of the policy embodied in the Act.

The Act is to be construed liberally in order to protect nonculpable victims of irresponsible drivers. *Bankes v. State Farm Mutual Auto. Ins. Co.*, 216 Pa.Super. 163, 264 A.2d 197 (1970). In enacting this law, the legislature intended that, in any dispute thereunder, the courts find in favor of the insured person unless legal or equitable factors at least as strong as those in favor of coverage militate against it. *Adelman v. State Farm Mut. Auto. Ins. Co.*, 255 Pa.Super. 116, 386 A.2d 535 (1978); *Sands v. Granite Mut. Ins. Co.*, 232 Pa.Super. 70, 331 A.2d 711 (1974).

The purpose of the above-quoted statutory section and contractual provision is to allow an insurer who makes a payment under uninsured motorist coverage the right of subrogation. *Hughes v. State Farm Mut. Auto. Ins. Co.*, 604 F.2d 573, 577 (8th Cir. 1979), *citing* A. Widiss, *A Guide To*

**2.** 40 P.S. § 2000.

*Uninsured Motorist Coverage* § 3.10, app. B 3 at 313 (1968 and Supp. 1978).

■ However, an insurer who has entered into an agreement such as is involved herein with an insured may be subrogated to the insured's recovery from any person legally responsible for the insured's injury for which the insuror has made payment under uninsured motorist coverage *only* upon the insuror's showing that the sum of the insured's recovery from the insuror and from persons legally responsible for the injury exceeds the insured's loss. *Hughes, supra,* at 579. *See also White v. Nationwide Mut. Ins. Co.,* 361 F.2d 785 (4th Cir. 1966).

■ In the case before us, American has not alleged plaintiff's excessive recovery in its petition for a rule to show cause; the court below, therefore, properly discharged the rule. However, in view of the new principle here established for Pennsylvania, we shall remand to enable American to file an amended petition, if it is able to do so, alleging the insured's excessive recovery.

■ The lower court's conclusion that the words "any person or organization legally responsible for causing the injury" include only the uninsured motorist is incorrect; accordingly, we expressly disapprove its holding.[3] The holdings of two other courts of common pleas, in *Amabile v. GEICO,* 13 Pa.D. & C.3d 17 (1980), and *Johnston v. Springfield Dodge, Inc.,* 5 Pa.D. & C.3d 47, 65 Del.Co. 191 (1978), that agreements such as the one involved herein are unenforceable under any circumstances are likewise incorrect, and we disapprove them as well.

Order vacated and case remanded. Jurisdiction is relinquished.

---

**3.** *Shamey v. State Farm Mutual Automobile Ins. Co.,* 229 Pa.Super. 215, 331 A.2d 498 (1974) relied upon by the court below is distinguishable because the release therein specifically referred to the uninsured motorist, and involved two separate collisions.