461 A.2d 299

**Phyllis FOX**

v.

**STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, Appellant.**

**Phyllis FOX, Appellant,**

v.

**STATE AUTOMOBILE MUTUAL INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued March 23, 1983.

Filed June 3, 1983.

James J. Oliver, Norristown, for appellant (at No. 3124) and for appellee (at No. 3217).

Roger Joseph Harrington, Philadelphia, for appellant (at No. 3217) and for appellee (at No. 3124).

Before HESTER, JOHNSON and POPOVICH, JJ.

POPOVICH, Judge:

Appellee, Phyllis Fox, instituted an action in assumpsit against appellant, State Automobile Mutual Insurance Company, (hereinafter referred to as the Insurance Company), for personal injury protection (P.I.P.) benefits under a policy issued by appellant pursuant to the Pennsylvania No-fault Motor Vehicle Insurance Act.[1] Appellant, while admitting the facts, denied coverage. The trial court granted summary judgment in favor of appellee, holding that she was a "victim" within the meaning and intent of the No-fault Act and, therefore, entitled to recover on the insurance policy. However, the court below denied appellee's claim for attorney's fees, finding that the position taken by appellant in denying coverage was incorrect but not frivolous. Both parties have appealed from the trial court's disposition of the case. Finding no error below, we affirm the order in question.

The following facts were agreed to by the parties for the purposes of the summary judgment motion: On February 25, 1979, at approximately 1:15 a.m., Mrs. Phyllis Fox was in bed in a second floor bedroom at her residence in Red Hill, Pennsylvania. Mrs. Fox's 16 year old daughter and two of her daughter's girlfriends were asleep in the ground floor livingroom. At about that time, a motor vehicle

---

1. Act of July 19, 1974, P.L. 489, No. 176, § 101 *et seq.,* 40 P.S. § 1009.101 *et seq.* (hereinafter cited as the No-fault Act).

driven by James A. King, Jr., crashed into the side of the home and came to rest in the livingroom. Upon hearing the crash, which sounded to her like an explosion, Mrs. Fox, fearing for the childrens' safety, immediately arose .from bed, started down the steps to the livingroom, tripped over debris which had been thrown onto the steps by the crash, fell and was injured.

■ The Insurance Company relies on *Dull v. Employers Mutual Casualty Co.*, 278 Pa.Super. 569, 420 A.2d 688 (1980), in support of its argument that a person who trips over debris left by an automobile accident should not be entitled to no-fault insurance benefits from his own carrier. In *Dull*, the party seeking recovery from his no-fault carrier parked his car at a lake, got out, and began to remove a boat from the car roof. As he was standing behind the car unloading the boat, he fell because of the condition of the land and sustained injuries. This Court analyzed the relevant No-fault Act provisions:

"Section 201 of the No-fault Act, 40 P.S. § 1009.201, provides in part: 'If the accident resulting in injury occurs in this Commonwealth, any victim ... is entitled to receive basic loss benefits in accordance with the provisions of this act.' The No-fault Act defines 'victim' as 'an individual who suffers injury arising out of the maintenance or use of a motor vehicle....' 40 P.S. § 1009.103. The No-fault Act further states:

'Maintenance or use of a motor vehicle' means maintenance or use of a motor vehicle as a vehicle, including, incident to its maintenance or use as a vehicle, occupying, entering into, or alighting from it. Maintenance or use of a motor vehicle does not include:

.    .    .    .    .

... conduct in the course of loading or unloading a motor vehicle unless the conduct occurs while occupying, entering into, or alighting from it."

*Id.*, 278 Pa.Superior at 571, 420 A.2d at 689.

Construing the words "occupying" and "alighting from" according to their common meaning, we held that Mr. Dull

did not come within the statutory definition of "victim". *Id.*, 278 Pa.Superior at 571, 420 A.2d at 689, 690.

The Insurance Company would have us read *Dull* as holding that no-fault benefits may not be awarded to someone injured immediately after operation of a motor vehicle has ceased. Such an interpretation of *Dull* would be clearly unwarranted. As Mrs. Fox states in her brief, *"Dull . . .* stands for no more than the proposition that courts will give effect to expressed statutory exclusions, such as that set forth in 40 P.S. § 1009.103." *Dull* is inapposite to the case at bar since the exclusion for conduct in the course of loading or unloading a motor vehicle is not relevant to the instant facts. We stated in *Dull* that the legislative purpose behind the No-fault Act would not be furthered by extending liability to cases where no motor vehicle accident occurred. It is obvious in the case *sub judice* that although no automobile was operating at the time of the victim's injury, a motor vehicle accident had occurred.

The court below found support for its holding in the recent case of *Eichelberger v. Warner,* 290 Pa.Super. 269, 434 A.2d 747 (1981). In *Eichelberger,* the insured had run out of gas and was standing slightly on the highway behind her vehicle with her back to oncoming traffic while two good samaritans were pouring gasoline into her car. The insured was killed when she stepped backward and to the left into the path of an oncoming vehicle. This Court found that the deceased's negligent act was not so remote from the "ownership, maintenance or use of her vehicle as to be unconnected with them." *Id.*, 290 Pa.Superior at 274, 434 A.2d at 750. We held that there was coverage under the insurance policy, following the precedent of *Manufacturers Casualty Insurance Company v. Goodville Mutual Casualty Company,* 403 Pa. 603, 170 A.2d 571 (1961), where our Supreme Court construed the words "arising out of", as used in an automobile insurance policy, to mean "causally connected with" and not "proximately caused by." *Eichelberger, supra,* 290 Pa.Super. at 273, 434 A.2d at 749. We quoted *Goodville* as follows:

" 'When the provisions of an insurance policy are vague or ambiguous, they must be construed strictly against the insurer and liberally in favor of the insured. Had the insurer desired to limit its liability to accidents with such a close causal connection to the ownership, maintenance or use [of the motor vehicle] ... as to be encompassed within the scope of proximate causation, it could have and should have so stated in its policy. Construed strictly against the insurer, "arising out of" means causally connected with, not proximately caused by. "But for" causation, i.e., a cause and result relationship, is enough to satisfy this provision of the policy.' *Id.*, 403 Pa. at 607–608, 170 A.2d at 573."

*Id.* 290 Pa.Super. at 273, 434 A.2d at 749.

In the instant case, the Insurance Company seeks to distinguish *Eichelberger* by contending that the issue in that case centered on the word "maintenance", and that the instant case hinges on an interpretation of the word "use." We are not pursuaded by this argument. We made no specific distinction between the terms "use" and "maintenance" in our holding in *Eichelberger*, and based our decision on a liberal construction, in favor of the insured, of the ambiguous and uncertain terms of the insurance policy. *Eichelberger, supra,* 290 Pa.Superior at 273, 434 A.2d at 749.

In granting summary judgment in favor of Mrs. Fox, the trial court quoted *Heffner v. Allstate,* 265 Pa.Super. 181, 401 A.2d 1160 (1979), where our Court stated, " 'Historically, the courts of this Commonwealth have ... found coverage for the insured in close or doubtful insurance cases. The tendency has been that if we should err in ascertaining the intent of the legislature ..., we should err in favor of coverage for the insured.' *Id.*, 265 Pa.Superior at 187, 401 A.2d at 1162–63." Lower Court Opinion at p. 6.

■ In the instant case, we are asked to ascertain whether or not Mrs. Fox is a "victim" within the meaning of the No-fault Act. That is, whether she is "an individual who suffers injury arising out of the maintenance or use of a

motor vehicle...." 40 P.S. § 1009.103. The Insurance Company cites several cases from the courts of New York which refused to find coverage based on a "but for" test. *See Walter v. Government Employees Insurance Company,* 66 App.Div.2d 779, 410 N.Y.S.2d 663 (2d Dept.1978); *New York City Transit Authority v. Ambrosio,* 102 Misc.2d 846, 428 N.Y.S.2d 131 (App. Term 1980). In *Walter,* the no-fault claimant was injured while getting out of a bed inside a trailer parked in a camp ground and attached to a vehicle. In *Ambrosio,* the claimant was injured when she tripped as she was walking on the sidewalk to board a bus. We find these cases unpersuasive because, like *Dull, supra,* no motor vehicle accident occurred. Furthermore, in interpreting the words "arising out of" in 40 P.S. § 1009.103, we are guided by the courts of this Commonwealth when they construed this phrase, as used in an insurance policy, to mean "causally connected with" and not "proximately caused by." *See Goodville, supra; Eichelberger, supra.*

We hold that the injury in this case arose out of the use of a motor vehicle and, therefore, that Mrs. Fox was entitled to No-fault benefits.

We affirm the denial of attorney's fees in this case. The court below stated:

"We have concluded that although the position taken by the defendant in denying coverage was incorrect, such petition was a non-frivolous one. Our research has disclosed no case presenting quite this set of facts. While this alone is not dispositive, it did lead us to conclude that the insurance company's denial of coverage was not 'without reasonable foundation.' *Hayes v. Erie Insurance Exchange,* 493 Pa. 150, 425 A.2d 419 (1981)."

Lower Court Opinion at p. 6, 7.

The relevant statute provides:

"If, in any action by a claimant to recover No-fault benefits from an obligor, the court determines that the obligor has denied the claim or any significant part thereof without reasonable foundation, the court may award

the claimant's attorney a reasonable fee based upon actual time expended."

40 P.S. § 1009.107(3).

Mrs. Fox contends that the present case is so clearly and definitely one in which her entitlement to No-fault benefits is certain, that the Insurance Company's denial of benefits must be deemed, *per se,* unreasonable.

■ We agree with the court below. The Insurance Company cannot be said to have acted without reasonable foundation by denying benefits based on the unusual facts of this case, where the victim injured herself by falling on the stairs of her home because a motor vehicle accident had occurred therein.

For the above stated reasons, we affirm the order of the trial court.