**Burger v. State Farm Insurance Companies**

*John J. Krafsig, Jr.,* for plaintiff.
*Bernadette Barattini,* for defendant.

DOWLING, *J.,* June 29, 1984—This case arises under the soon-to-be extinct [1] but, not to be forgotten No-fault Motor Vehicle Insurance Act.[2] Each party has filed a motion for summary judgment, with the pivotal issue turning on whether the injuries to the minor plaintiff arise out of the maintenance or use of a motor vehicle.

The vehicle in question was a refrigerated meat truck which on April 12, 1983, was parked in front of the home of Burger's grandmother, Mrs. Anna Siemons. The undisputed facts are that the minor plaintiff, two years of age, and Mrs. Siemons entered the truck by walking up several steps and onto a platform inside the truck.[3] Once inside, Mrs. Siemons proceeded to shop for meat which was sold inside the vehicle. The driver had ceased operating the vehicle and was wearing his clerk's hat. While Mrs. Siemons was shopping little Ashley, standing

---

1. Acceding to our aspirations as expressed in State Auto v. Nationwide, 104 Dauph. 420, 421, "So we plunge again into the tricky waters of No-Fault, hoping that in the not too distant future the Legislature will drain this murky pond of mystification and befuddlement."

2. Act of July 19, 1974, P.L. 489, 40 P.S. § 1009.101 et seq.

3. Each of the parties attempts to make distinctions between whether Ashley and Mrs. Siemons were in or were entering the truck. The facts are clear from Mrs. Siemons' deposition (p. 10) that they were in the truck, and she was being waited on as a customer. In any event, we do not think it matters whether they were in or were entering the truck because the No-fault Act, if it applies, covers loss incident to "occupying" or "entering" a vehicle. 40 P.S. § 1009.103.

by a candy counter in the rear of the truck, fell and in so doing, she caught the ring finger of her right hand between two pieces of metal strip located along the candy counter, severing the tip of the finger.

Plaintiffs submitted a claim under the No-fault Act with defendant State Farm Insurance Companies (State Farm), which the insurer denied, arguing that the truck was not being maintained or used as a vehicle at the time of the accident.

We agree with State Farm that when the vehicle was being utilized as a store, it no longer was a motor vehicle being maintained or used "as a vehicle" within the definition of "maintenance or use of a motor vehicle." We believe this case is analogous to Crusco v. INA, 292 Pa. Super. 293, 297-298, 437 A.2d 52, 53 (1981), where the court affirmed the trial court's grant of summary judgment for defendant insurer. The insured decedent's estate had sought no-fault benefits after decedent was killed in an explosion in her motor home. The motor home was parked, and decedent was lighting an oven inside when the explosion occurred due to a gas leak in the line to the refrigerator. The court rejected the argument that the motor home was being used "as a vehicle" at the time.

"(I)n construing the language of a statute, the court must assume that the Legislature intended that every word of the statute would have effect. (Citations omitted.) Furthermore, it is assumed that the Legislature uses words in their standard, or accepted, sense. (Citation omitted.)

"The word 'vehicle' is not defined in the No-Fault Act, but the definition found in the Motor Vehicle Code is adopted by reference. (See 40 P.S. §1009.103). The Motor Vehicle Code defines vehicle as, 'Every device in, upon or by which any per-

son or property is or may be transported or drawn upon a highway, except devices used exclusively upon rails or tracks.' See 75 Pa.C.S. §102.

"The use of the refrigerator and stove in the preparation of a meal is not a use as a device of transportation."

If the use of a motor home for the preparation of a meal was not a use "as a vehicle" in Crusco, the use here as a meat shop is not a use of the truck "as a vehicle".

In Crawford v. Allstate Insurance Co., 305 Pa. Super. 167, 451 A.2d 474 (1982), the Superior Court said that the proper test in applying the "maintenance and use" concept under the No-fault Act to individual fact situations is whether the injury is causally related to the use of a motor vehicle. The Superior Court also has stated that the connection between the harm done and the vehicle need not rise to the level of proximate causation. Erie Insurance Exchange v. Eisenhuth, 305 Pa. Super. 571, 451 A.2d 1024 (1981). In applying the Crawford test, we find that the causal link between Ashley's injury and the truck was not in its use as a vehicle, but rather as a meat shop.

The plaintiff relies upon Fox v. State Automobile Mutual Insurance Co., 314 Pa. Super. 559, 461 A.2d 299 (1983), for the proposition that there can be a claim for injuries under the No-fault Act even after the operation of the vehicle in question has ceased. However, Fox is distinguishable. There the vehicle crashed into a house, and the insured was injured when she fell in the debris of her own home created by the collision. It was held that just because the use of the vehicle had ceased did not mean that the injury was not the result of the maintenance or use of the vehicle as a vehicle.

Accordingly, we enter the following

## ORDER

And now, this June 29, 1984, defendant State Farm Insurance Companies' motion for summary judgment is granted.

