478 A.2d 1381

NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant,

v.

Douglas DiTOMO.

Superior Court of Pennsylvania.

Argued June 15, 1983.

Filed July 20, 1984.

118

Edward J. Carney, Jr., Upper Darby, for appellant.
Jeffrey M. Azpell, Media, for appellee.

Before CERCONE, President Judge, and McEWEN and MONTEMURO, JJ.

PER CURIAM:

This is an appeal from an Order granting summary judgment in favor of appellee-defendant, Douglas DiTomo, and denying appellant plaintiff, Nationwide Mutual Insurance Company's cross-motion for summary judgment.

DiTomo, while operating his motorcycle was involved in an accident with an automobile driven by Sylvester Anderson. Anderson was insured by Government Employees Insurance Company (GEICO). Pursuant to its policy with Anderson, GEICO paid its policy limits of $20,000 to DiTomo. Subsequently, DiTomo, made claim against Nation-

wide, his parents' insurer, for uninsured motorists benefits. This claim proceeded to common law arbitration and resulted in an award of $30,000 in favor of DiTomo.

Nationwide petitioned the Court of Common Pleas to set aside the arbitrator's award. The petition was denied and Nationwide filed an appeal with this court at No. 48 Philadelphia 1980. That appeal was thereafter discontinued and Nationwide paid DiTomo the $30,000 awarded. Nationwide then filed suit in assumpsit against DiTomo, seeking to exercise subrogation rights to the $20,000 that DiTomo received from GEICO. DiTomo's answer and new matter averred that many of the allegations in the complaint were conclusions of law and that the suit was barred by *res judicata*, i.e. the arbitration and award. Nationwide's reply contended, that since the Court of Common Pleas refused to renew the arbitration award, *res judicata* was not applicable. The parties then sought summary judgment.

The court found that Nationwide was not entitled to exercise its rights to subrogation until DiTomo had been fully compensated for his injuries. As his medical bills and lost wages were ongoing "with no end yet in view", and the $50,000 received from the two insurers did not exceed his losses, subrogation was premature. Therefore, the court granted DiTomo's motion for summary judgment while dismissing Nationwide's request.

■ This appeal presents two problems, caused by the parties' oversight, which neither party addresses adequately in their briefs. First, we must note that had Nationwide raised a claim, prior to arbitration, that DiTomo was not entitled to uninsured motorists benefits, as Anderson was merely underinsured, it may well have been successful. *See Davis v. Government Employees Ins. Co.*, 500 Pa. 84, 454 A.2d 973 (1982); *White v. Concord Mut. Ins. Co.*, 296 Pa.Superior Ct. 171, 442 A.2d 713 (1982) affirmed 500 Pa. 103, 454 A.2d 982 (1982). However, absent a prearbitration challenge, the findings of both law and fact of the arbitrators are not reviewable. *Runewicz v. Keystone Ins. Co.*, 476 Pa. 456, 383 A.2d 189 (1978); *Cargill v. Northwestern*

*Nat. Ins. Co.*, 316 Pa.Superior Ct. 139, 462 A.2d 833 (1983). Hence, Nationwide, undoubtedly aware that it could not conduct a successful frontal assault upon the arbitrator's award, decided to attempt a surprise attack from the rear and therefore filed the subrogation action.

A second procedural hurdle which must be overcome, to appreciate this appeal, is DiTomo's failure to move for summary judgment based upon appellant's failure to state a cause of action upon which it could recover. Instead, he raised the defense of *res judicata.* The court however denied Nationwide's request for summary judgment finding that subrogation was impermissible as DiTomo had not been fully compensated. Therefore the court granted summary judgment against the moving party on a basis not raised by the non-moving party. Such practice has been expressly recognized where there is no genuine issue of material fact and the non-moving party is clearly entitled to a judgment on the legal issue presented. *Eagle Downs Racing Ass'n Inc. v. Comm.*, 73 Pa.Cmwlth. 155, 457 A.2d 1008 (1983); *Allegheny Co. Port Auth. v. Flaherty*, 6 Pa.Cmwlth. 135, 293 A.2d 152 (1972); *see also Fireman's Fund Ins. v. Nationwide Mut. Ins.*, 317 Pa.Superior Ct. 497, 501–502 n. 1, 464 A.2d 431, 434 n. 1 (1983); 2 Goodrich-Amram 2d, § 1035(b)(6); 2 B Anderson Pennsylvania Civil Practice, § 1034.24(b).

Having carefully reviewed the briefs, record and opinion filed in this case, we find we may dispose of this appeal on the same basis as the trial court and therefore we need not address the whole array of issues proffered by the parties. The parties are in agreement as to the factual basis of this case. We therefore may limit our review to the legal conclusions arising therefrom.

■ Nationwide itself refers us to *Walls v. City of Pittsburgh*, 292 Pa.Superior Ct. 18, 23, 436 A.2d 698, 701 (1981), where we held:

However, an insurer who has entered into an agreement such as is involved herein with an insured may be subrogated to the insured's recovery from any person

legally responsible for the insured's injury for which the insuror [sic] has made payment under uninsured motorist coverage *only* upon the insuror's [sic] showing that the sum of the insured's recovery from the insuror [sic] and from persons legally responsible for the injury exceeds the insured's loss. *Hughes [v. State Farm Mut. Auto Ins. Co.], supra* [604 F.2d 573], at 579 [ (8th Cir.1979) ]. *See also White v. Nationwide Mut. Ins. Co.*, 361 F.2d 785 (4th Cir.1966).

(Emphasis supplied.)

Under the above holding, it would appear that the pleadings were legally insufficient, as DiTomo had not recouped all of his loses. Appellant attempts to persuade us that the current case should not be controlled by *Walls*, and if it is, then we should overrule *Walls* as being inconsistent with *White v. Concord Mut., supra.*

As previously referred to *Davis, supra*, and *White v. Concord Mut.*, held that "underinsured" was not the legal equivalent to "uninsured". Accordingly, a person whose No-Fault benefits proved to be inadequate could not recover Uninsured Motorists benefits. The *Walls* case did not address No-Fault benefits but only subrogation pertaining to Uninsured Motorist coverage. Hence on their face, *Walls* and *White v. Concord Mut.*, are not inconsistent.

The conflict complained of by Nationwide was caused by the perverted development of this case stemming from Nationwide's earlier failure to raise the "uninsured v. underinsured" question prior to arbitration. Nationwide itself insists that the only issue at hand is its right to subrogation. Nationwide can not have it both ways. On one hand it argues that *res judicata* did not control as this was a separate action seeking subrogation and the question of uninsured or underinsured was not pertinent. While on the other hand, Nationwide argues that *Walls*, dealing with such subrogation, is in disagreement with *White v. Concord Mut.*, addressing the question of uninsured versus underinsured. The complaint was filed in assumpsit seeking subrogation, hence *Walls* is controlling.

Under the holding of *Walls* the complaint did not adequately state a cause of action as DiTomo had not been fully compensated therefore the court correctly granted summary judgment against Nationwide.

Order affirmed.

McEWEN, J., concurred in the result.