498 A.2d 1361

**Virginia M. SCHENK, Appellant,**

v.

**OHIO CASUALTY INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Submitted June 21, 1985.

Filed Oct. 4, 1985.

John V. Hasson, Ambler, for appellant.

William B. Brooks, Norristown, for appellee.

Before BROSKY, WATKINS and HOFFMAN, JJ.

BROSKY, Judge:

This case is before us on judgment entered in favor of the defendant, Ohio Casualty Insurance Company, pursuant to the latter's motion for summary judgment. The sole issue for our determination is whether appellant's minor child, who injured himself when he cut his leg on an automobile parked in a school parking lot, was a "victim" within the meaning of the Pennsylvania No-fault Motor Vehicle Insur-

ance Act, 40 P.S. § 1009.101, *et seq.* We find no merit to appellant's argument, and we therefore affirm.

On June 8, 1981, Roderick Schenk, the eight year old son of appellant, Virginia M. Schenk, was sent by an Enfield Elementary School teacher to the front of the school to make a sketch as part of an art project. While walking to the front of the school, the child passed between some bushes and a 1979 Mercedes automobile (which was legally parked in the school parking lot) and scraped his left leg on the automobile's vanity plate, severely lacerating his leg.

Appellant filed a claim with appellee, the insurer of appellant's own automobile, requesting reimbursement of her son's medical expenses in accordance with the provisions of the No-fault Act. Appellee denied the claim, and appellant filed a complaint in assumpsit. The parties stipulated to the material facts of the case, and both parties filed motions for summary judgment. The trial court denied appellant's petition, and granted appellee's petition.

Section 201 of the Act provides that a "victim" is entitled to receive "basic loss benefits" in accordance with the terms of the Act for injuries resulting from accidents occurring in Pennsylvania. "Victim" is defined by section 103 of the Act as "an individual who suffers injury arising out of the maintenance or use of a motor vehicle...." "Maintenance or use of a motor vehicle" is defined by this same section to mean "maintenance or use of a motor vehicle as a vehicle, including, incident to its maintenance or use as a vehicle, occupying, entering into, or alighting from it." It is clear that appellant will be entitled to recover if we are able to find that the accident arose out of the maintenance or use of a motor vehicle. This we are unable to do, however.

Appellant argues that the accident arose out of the use of a motor vehicle in that the owner of the automobile used the car to get to her place of employment, the Enfield Elementary School, on the morning of the accident. The flaw in this argument is that the automobile was not being "used" at the time of the accident. When the Act specifies "injury

arising out of the maintenance or use of a motor vehicle," the necessary implication of the language is that the use of the car be contemporaneous with the occurrence of the injury.

In *Fox v. State Automobile Mutual Insurance Co.*, 314 Pa.Super. 559, 461 A.2d 299 (1983), recovery was allowed for a woman who was injured when she tripped over debris which resulted from a motor vehicle crashing into the side of her house. *Fox* is readily distinguishable from the case before us. In *Fox*, the victim's injury occurred immediately after the use of the vehicle, i.e., after the automobile was driven into the side of the house, and the injury could reasonably be said to be contemporaneous with the crash. In the case before us, the owner/driver of the automobile was not present at the time of the injury, but was in the school building at the time. Her use of the automobile had ceased well before the occurrence of the injury.

We find that, under the facts of this case as stipulated to by the parties, the injury did not arise out of the maintenance or use of a motor vehicle, and that appellant is therefore not entitled to recover No-fault benefits. Accordingly, we affirm the trial court's grant of summary judgment in favor of appellee and against appellant.

Judgment affirmed.