**Brian J. BRACK, Plaintiff,**

v.

**ALLSTATE INSURANCE COMPANY, Defendant.**

**Civ. No. 86–0051.**

United States District Court,
M.D. Pennsylvania,
Third Circuit Division.

Nov. 26, 1986.

Joseph P. Coviello, Clarks Summit, Pa., for plaintiff.

Joseph P. Lenahan, Scranton, Pa., for defendant.

## MEMORANDUM AND ORDER

NEALON, Chief Judge.

Plaintiff filed a complaint on January 13, 1986, seeking a declaratory judgment that defendant is obligated to pay benefits pursuant to an insurance policy issued or renewed by defendant in September, 1984. By Memorandum and Order dated September 4, 1986, the court held plaintiff's Motion for Summary Judgment in abeyance noting that subject matter jurisdiction may be lacking. By stipulation of counsel dated September 24, 1986, the parties agreed that this court had jurisdiction as diversity of citizenship existed between the parties. By Order dated October 1, 1986, the court

granted the parties seven (7) days to submit a copy of the policy of insurance in question to the court. The policy was submitted on October 7, 1986. On October 14, 1986, the court again required the parties to submit supplemental briefs concerning the applicability of the Pennsylvania No-Fault Act (No-Fault Act) or the subsequently enacted Motor Vehicle Financial Responsibility Law. In addition, the parties were directed to specifically refer to portions of the policy in support of their positions. The parties filed supplemental briefs on November 3, 1986. Accordingly, this matter is ripe for disposition. For the reasons set forth below, plaintiff's Motion for Summary Judgment will be granted.

## DISCUSSION

■ The issue in this case is whether the injury sustained by plaintiff is a compensable injury within the meaning of a policy of insurance issued by defendant to plaintiff's mother. Plaintiff maintains that he is entitled to coverage under the policy because the accident occurred and arose out of the operation of a motor vehicle within the meaning of the insurance policy and Pennsylvania law. On the other hand, defendant avers that plaintiff is not entitled to recover benefits under the policy held by his mother because his injury did not arise from the maintenance or use of an automobile. The first issue the court must decide is whether the No-Fault Act or the Motor Vehicle Financial Responsibility Law applies in this case.

The notes to § 1701 of the Motor Vehicle Financial Responsibility Law provide that the law applies to insurance policies issued or renewed on or after the effective date of the Act. *See* 75 Pa.Cons.Stat.Ann. § 1701

(Purdon 1986). The effective date of the law is October 1, 1984. Accordingly, the Motor Vehicle Financial Responsibility Law would apply only if the policy of insurance in question was issued or renewed on or after October 1, 1984.

It is undisputed that the accident in this case occurred on December 29, 1984. *See* Document 9 of the Record at ¶ 4. While the parties agree that the policy of insurance was in full force and effect on December 29, 1984, the issuance or renewal date of the policy was not set forth. For this reason, the court required supplemental briefs in its Order dated October 14, 1986.

In his supplemental brief, plaintiff indicates that the policy in question was issued in September, 1984. Defendant agrees, indicating, however, that the policy was renewed on September 22, 1984. As defendant indicates, subsequent renewal of the policy occurred in March of 1985 and, at that time, the terms of the Motor Vehicle Financial Responsibility Law were written into the policy. *See* Document 21 of the Record at 2. Although plaintiff argues that the Motor Vehicle Financial Responsibility Law became effective on its date of passage as to all policies then in effect which did not contain language contradictory to the Act, *see* Document 20 of the Record at 1, the court finds that by its express terms the Motor Vehicle Financial Responsibility Law applies only to policies issued or renewed after October 1, 1984. Since the policy here was issued or renewed in September, 1984, the court must apply the Pennsylvania No-Fault Act.[1]

■ The parties apparently agree that resolution of this issue should be determined based on the applicable case and statutory law as the policy provisions pro-

---

1. While there may be differences in the applicable language of both acts, the court recognizes that the Motor Vehicle Financial Responsibility Law tracks the important aspects of the No-Fault Act for purposes of this case. Indeed, the Motor Vehicle Financial Responsibility Law provides for the payment of benefits with respect to injury arising out of the maintenance or use of a motor vehicle. 75 Pa.Cons.Stat.Ann. § 1712 (Purdon 1986). Plaintiff argues that the Motor Vehicle Financial Responsibility Law applies because he believes that this law enlarges

the class of those who can recover. *See Pennsylvania Motor Vehicle Insurance*, § 3:5(a) at 44. Concededly, the Motor Vehicle Financial Responsibility Law does not limit recovery to cases where the vehicle is being operated "as a vehicle" as the No-Fault Act did. *Id.* In light of the court's decision in this case, this issue need not be resolved. It would follow, however, that a finding of coverage under the No-Fault Act invariably results in a similar conclusion under the Motor Vehicle Financial Responsibility Law.

vide no additional guidance. That is, the policy provisions track applicable law and no further additions or restrictions are imposed by the policy. *See* Document 21 of the Record at 2.

Recovery of no-fault benefits in this case depends on whether the injury can be said to have arisen out of the "maintenance or use" of a motor vehicle. *See The Pennsylvania No-Fault Motor Vehicle Insurance Act.* § 1:4.2 at 62 (1979). Indeed, the No-Fault Act provides that "victims" are entitled to receive basic loss benefits in accordance with the Act for injuries resulting from accidents occurring in Pennsylvania. " 'Victim' is defined ... as 'an individual who suffers injury arising out of the maintenance or use of a motor vehicle.' " *See Schenk v. Ohio Casualty Insurance Co.,* 346 Pa.Super. 42, 44, 498 A.2d 1361, 1362 (1985). Maintenance or use of a motor vehicle is defined to mean maintenance or use of a motor vehicle as a vehicle, including, incident to its maintenance or use as a vehicle, occupying, entering into, or alighting from it. *Id.* In this regard, the parties have submitted a joint statement of facts as to which there was no dispute. Those facts reveal the following.

On December 29, 1984, Brian J. Brack incurred various injuries while performing tasks as a sub-contractor for Robert Green, t/a B & G Carpentry, at the premises of Kane Warehousing, Inc. (Kane). At the time of the accident, plaintiff was an insured under the terms of a policy of automobile insurance issued to his mother by defendant. On that date, at the instruction of Robert Green, plaintiff was standing on a scaffolding erected to receive and put in place a frame in the window of Kane. The wooden frame was being hoisted to plaintiff's position on the scaffolding by means of a rope and pulley. One end of the rope was attached to the wooden frame, while the other end of the rope was tied to the side of Robert Green's truck. To effect the hoisting of the wooden frame to plaintiff's position on the scaffolding, Robert Green drove the truck, to which one end of the rope was attached, away from the scaffolding. While Robert Green was operating his truck to accomplish this task, the wood-

en frame struck the scaffolding, causing plaintiff to fall to the ground thereby incurring his injuries. *See* Document 9 of the Record.

Under applicable provisions of the No-Fault Act, there must be some connection, more than mere chance or happenstance, between the injury sustained and the insured vehicle. *See* Document 10 of the Record at 2 (citing *Schweitzer v. Aetna Life and Casualty Co.,* 306 Pa.Super. 300, 452 A.2d 735 (1982)). In cases involving the scope of the clause "arising out of the ownership, maintenance or use", the Pennsylvania Supreme Court has held that the required connection between the accident and the vehicle need not rise to the level of proximate causation, but that "but for" causation is enough to satisfy the policy provision. *See Allstate Insurance Co. v. Sentry Insurance,* 563 F.Supp. 629 (E.D. Pa.1983), *aff'd,* 729 F.2d 1445 (3d Cir.1984) (citing *Manufacturers Casualty Insurance Co. v. Goodville Mutual Casualty Co.,* 403 Pa. 603, 170 A.2d 571 (1961)). As the Pennsylvania Superior Court noted, " '[b]ut for' causation, *i.e.,* a cause and result relationship, is enough to satisfy this provision of the policy." *Schweitzer v. Aetna Life and Casualty Co., supra,* 306 Pa.Super. at 303, 452 A.2d at 737.

In this case, the court finds that there is a sufficient causal connection between the use of the truck in question and plaintiff's injuries to warrant a finding of coverage. This comports with the general policy of construing the No-Fault Act liberally in favor of extending coverage to an insured. *See Cerrato v. Holy Redeemer Hospital,* 342 Pa.Super. 551, 493 A.2d 728 (1985) (under No-Fault Act court should construe the act liberally in favor of extending coverage to an insured); *ACandS, Inc. v. Aetna Casualty & Surety Co.,* 764 F.2d 968 (3d Cir.1985).

In addition, the court finds support for its decision in the Pennsylvania Superior Court's holding in *Fox v. State Automobile Mutual Insurance Co.,* 314 Pa.Super. 559, 461 A.2d 299 (1983). In *Fox,* the court was required to determine whether a plaintiff was a victim within the meaning of the

No-Fault Act. Recognizing that the No-Fault Act defined "victim" as an individual who suffers injuries arising out of the maintenance or use of a motor vehicle, the court found coverage. The facts in *Fox* indicated that a motor vehicle crashed into the side of plaintiff's home and came to rest in the living room. Upon hearing the crash, plaintiff immediately rose from her bed in the upstairs portion of the house and started down the steps to the living room, whereby she tripped over some debris which had been thrown onto the steps by the crash, injuring herself. Similarly, in this case, the truck pulled the rope which caused a wooden frame to collide with the scaffolding, causing the scaffolding to topple over and injure plaintiff. Concedely, in *Fox*, the court relied on the fact that a motor vehicle *accident* had occurred. On the other hand, in *Fox*, the court recognized that at the time of the victim's injury no automobile was operating. While in this case it is arguable that a motor vehicle *accident* did not occur, clearly, at the time of plaintiff's injury the truck was operating. Moreover, the striking of the scaffolding by the frame as a result of the movement of the truck could constitute an accident within the *Fox* definition.

Similarly, in *Schenk v. Ohio Casualty Insurance Co., supra,* the court held that when the No-Fault Act specifies injury arising out of the maintenance or use of a motor vehicle, the necessary implication of the language is that the use of the car be contemporaneous with the occurrence of the injury. *Id.* 498 A.2d at 1363. As stated, the facts of this case clearly establish that the use of the vehicle was contemporaneous with the injury.

Finally, in *Government Employees Insurance Co. v. Amabile,* 11 Pa. D & C 3d 14 (Phila.Co.1978), *disapproved on other grounds, Walls v. City of Pittsburgh,* 292 Pa.Super. 18, 436 A.2d 698 (1981), the court held that the phrase "arising out of" should be interpreted in a broad and comprehensive sense to mean "originating from" or "growing out of" the use of the automobile. *Id.* at 20, 436 A.2d 698. In *Amabile,* the victim was standing on a road when a car hit a television cable being strung across the street causing the cable to snap and hit the victim. The court stated:

> Minor plaintiff was injured immediately after the car struck the electrical cable. Had this not happened insured's minor son would not have been injured by the electrical cable. It is not necessary that these injuries be sustained while the minor was a passenger in the car or that he be actually struck by the car. It is sufficient that his injuries arose from, or were incident to and resulted from the striking of the cable by the car, as was the case here.

*Id. Cf. Lewis v. Nationwide Insurance Co.,* 541 F.Supp. 951 (M.D.Pa.1982) (Conaboy, J.) (No-Fault Act intended to provide efficient compensation scheme for "motor vehicle accident victims"). While defendant claims that the truck was not being used "as a vehicle" within the meaning of the No-Fault Act, the court finds that plaintiff's injuries were not totally unconnected with the truck and that the role of the truck was not merely incidental. *Cf. Howe v. Harleysville Insurance Cos.,* 313 Pa.Super. 65, 459 A.2d 412 (1983) (no coverage when victim mistakenly shot while riding in motor vehicle). *Contra Quinn v. By-Pass Garage, Inc.,* 333 Pa.Super. 412, 482 A.2d 634 (1984) (no coverage when victim fell from bunk bed inside motor home; No-Fault Act mandates that vehicle be used as a device of transportation; issue is the use to which the vehicle was put and the connection between that use and the resulting injury). Consequently, the court finds that a sufficient causal connection exists in this case between the operation of the truck by Robert Green and plaintiff's injuries. Moreover, as stated, plaintiff's injuries were not removed from the operation of the truck, but, instead, those injuries occurred contemporaneously with the use of a vehicle. Thus, plaintiff's Motion for Summary Judgment will be granted.

An appropriate Order will enter.

### ORDER

NOW, this 26th day of November, 1986, in accordance with the reasoning set forth

in the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

(1) Plaintiff's Motion for Summary Judgment is granted and judgment is rendered in favor of plaintiff and against defendant.

(2) Defendant is obligated to pay benefits to plaintiff pursuant to the insurance policy issued by defendant to plaintiff's mother.

(3) The Clerk of Court is directed to close this case.

Steven M. Cormier, Nesquehoning, Pa., John J. Dunn, Sr., Edward S. Neyhart, Scranton, Pa., for plaintiff.

Jack M. Seitz, Allentown, Pa., for defendant.

James D. Bennett, Kilgore & Kilgore, Dallas, Tex., for defendant and Rockwood Systems Corp.

John McN. Cramer, Reed Smith Shaw & McClay, Pittsburgh, Pa., for third party defendants Victor Equip. Co. & Pacific Lumber Company, Inc.