## Electric Insurance Co. v. Adams

*David M. McCormick,* for plaintiff.
*Howard Rothenberg,* for defendants.

HARHUT, *J.,* August 15, 1988—This matter is before the court by way of plaintiff's motion for judgment on the pleadings and on its preliminary objections in the nature of a demurrer to the new matter counterclaim of defendants.

On May 15, 1987, defendant Bruce Adams operated a vehicle insured by plaintiff Electric Insurance Company. As defendant Bruce Adams approached an intersection he passed through a yellow light and almost collided with a white Blazer. No physical contact occurred between the vehicles. At the next intersection, while stopped at a red light, the unidentified operator of the white Blazer approached defendant's vehicle, opened the driver's side door and struck defendant in the face with his fist or an object in his fist. As a result of this incident, defendant Bruce Adams suffered severe physical injuries to his face, for which he has made a claim upon plaintiff Electric Insurance Company for uninsured motorist coverage and for first party benefits under the Pennsylvania Motor Vehicle Financial Responsibility Act, 75 Pa.C.S. §1701-1796 (1984).

Plaintiff Insurance Company commenced this action seeking a declaratory judgment that coverage is

not provided to defendant Bruce Adams under the motor vehicle policy issued to his father Frank Adams. Defendants filed an answer with a new matter counterclaim asserting the right to collect uninsured motorist coverage and first party benefits under the policy.

Plaintiff argues that Bruce Adams did not sustain bodily injury as a result of the maintenance or use of a motor vehicle. Bodily injuries are required to qualify for benefits under the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1701-1796 (1984). Defendants counter that the injuries to Bruce Adams are causally related enough to the use of his vehicle so as to qualify him for coverage under the Motor Vehicle Financial Responsibility Law.

For the purpose of convenience, the court will address plaintiff's motion for judgment on the pleadings which we believe will be dispositive of the issue in this case. It should be noted that a motion for judgment on the pleadings implies that the answer does not contain averments of sufficient quality to overcome averments of the complaint even when, for purposes of the motion, the allegations of fact in the answer are taken as true. *Luria Steel and Trading Corp. v. Dittig,* 414 Pa. 197, 199 A.2d 465, (1964).

Judgment on the pleadings should be granted only when the case is free from doubt and a trial would be a fruitless exercise. *Eckborg v. Hyde-Murphy Co.,* 442 Pa. 283, 276 A.2d 513 (1971); *Karns v. Tony Vitale Fireworks Corp.,* 436 Pa. 181, 259 A.2d 687 (1969).

In determining whether judgment on the pleadings should be allowed, only the complaint, answer and new matter may be considered. *Kroiz v.*

*Blumenfeld,* 229 Pa. Super. 194, 323 A.2d 339 (1974).

Section 1711 of the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1701-1796 (1984), mandates that an insurer which provides liability insurance coverage on a motor vehicle which is required to be registered under the Vehicle Code must provide medical benefit coverage for injuries which arise out of the maintenance or use of a motor vehicle. Section 1731 (b) requires that an insurer must also provide uninsured motorist coverage for persons who suffer injuries which arise out of the maintenance or use of a motor vehicle. The issue before us is whether defendant Bruce Adams was injured within the meaning of the Motor Vehicle Financial Responsibility Law.

We find no case law interpreting the language "use or maintenance of a motor vehicle" as it is used in the Financial Responsibility Law. The same phrase was used in the Pennsylvania No-fault Motor Vehicle Insurance Act, 40 Pa.C.S. §1009.101, the predecessor to the Motor Vehicle Financial Responsibility Law, and our courts have had the opportunity to interpret this language in determining just what constitutes an injury arising out of the maintenance or use of a motor vehicle.

In *Day v. State Farm Mutual Insurance Co.,* 261 Pa. Super. 216, 396 A.2d 3 (1978), our Superior Court noted that there must be some connection between the harm done and the insured vehicle. While the causal connection need not arise to the level of proximate causation, there must be some connection. *Schweitzer v. Aetna Life and Casualty Co.,* 306 Pa. Super. 300, 452 A.2d 735 (1982).

In *Schweitzer,* a case very similar to the case at bar, plaintiff sustained injuries when she was pulled from her vehicle and assaulted by the opera-

tor of a motorcycle. She contended that her injuries arose from the use or maintenance of a motor vehicle. The Superior Court held that an unprovoked unintentional physical assault upon the driver of an automobile is not within the scope of the protection contemplated by the legislature and any injuries sustained did not arise from the use or maintenance of the insured's motor vehicle.

In *Erie Insurance Exchange v. Eisenhurth*, 305 Pa. Super. 571, 451 A.2d 1024 (1982), a passenger in a motor vehicle was injured after the operator of the vehicle he was riding in tried to run a police officer down. The officer leaped onto the hood of the moving vehicle and fired several shots into the car and wounded the passenger. The Superior Court concluded that the injuries sustained by the passenger did not arise from the use or maintenance of the vehicle. The court noted that the cause of his injuries was a gunshot, not his being a passenger in the automobile, and although he might not have been shot were he not in the vehicle, the vehicle or its use did not cause the injuries. The causal connection between the vehicle's use and the injuries was simply inadequate.

The Superior Court did allow recovery and held that a plaintiff's injury did arise out of the use of a motor vehicle when she tripped on debris inside her home, which had been thrown onto her steps by a vehicle which had crashed into her house. In *Fox v. State Automobile Mutual Insurance Co.*, 314 Pa. Super. 559, 461 A.2d 299 (1983), a motor vehicle crashed into the side of plaintiff's home and came to rest in the living room. Plaintiff woke up on the second floor and fell down the steps leading to her living room after tripping over the debris thrown onto the stairs by the crash.

In *Fox,* one can see the direct relationship between the crash and the broken debris thrown by the vehicle, which plaintiff subsequently fell over. There is a strong causal connection between the use of the vehicle and the way plaintiff received her injuries.

The court realizes that these cases all construed language in the old No-fault Act. The language, however, is the same as in the present law, the Motor Vehicle Financial Responsibility Act. We see no reason why the rationale applied to language in the past should not be applied to the same identical language in the present law. The rationale was persuasive then and it is still persuasive under the present law.

In the case at bar, the connection between the insured's injury and the vehicle is nothing more than chance or happenstance. The injuries are totally unconnected with the insured vehicle. Although the insured may not have been injured if he were not riding in the vehicle it was not the vehicle or its use that caused his injuries. His injuries were caused by being punched in the face. Moreover, his injuries could just as easily have occurred if he were walking down the street.

Although one could argue that the incident was precipitated by a near collision of the two vehicles, the causal connection between the vehicle's use and the injuries sustained is very slight. In addition, the attacker was not even acting as a motorist at the time the assault was made. To allow defendant in this case to recover first part benefits and uninsured motorist benefits would make plaintiff an insurer against intentional third party assaults which was never contemplated when this policy of insurance was written.

It is the opinion of this court, therefore, that plain-

tiff's injuries in this case did not arise out of the use or maintenance of a vehicle since the injuries sustained are so remotely connected with the insured vehicle that the role of the vehicle was incidental. The connection between the injuries and the vehicle are nothing more than mere chance or happenstance. Defendant Bruce Adams has no cause of action against Electric Insurance Company.

### ORDER

Now, August 15, 1988, it is hereby ordered and decreed that plaintiff's motion for judgment on the pleadings is granted. Defendant Bruce Adams has no coverage for first party benefits or uninsured motorist benefits under the policy issued by Electric Insurance Company.