## Lehotsky v. Erie Insurance Co.

*Andrea Bower* and *Dudley Anderson,* for plaintiff. *Leroy Keiler,* for defendant.

BROWN, *J.,* January 22, 1993—This matter is before the court on defendant's post-verdict motions. The stipulated facts are as follows.

On March 25, 1990, plaintiff was helping his brother-in-law construct a stone wall. To move the rocks for placement in the wall, the cable was wrapped around a rock and then attached to a chain which was affixed to the rear frame of a motor vehicle. Plaintiff was manipulating the chain when the vehicle coasted or lurched forward. This movement caused the chain to tighten. Plaintiff's index finger became caught in the chain and was amputated.

At the time of the accident, plaintiff was living with his mother, Rutheda Lehotsky. Erie Insurance Co. issued automobile insurance to Rutheda Lehotsky that was in effect on March 25, 1990.

The sole issue raised at trial is whether plaintiff's injuries arose out of the maintenance or the use of a motor vehicle. The parties stipulated that plaintiff was not loading or unloading the motor vehicle when he was injured.

Defendant makes two arguments in his post-verdict motions. First, defendant argues that this court erred in entering judgment for plaintiff because it based its decision on loading or unloading the vehicle. Second, the defendant argues plaintiff's injuries did not result from the use of a motor vehicle and judgment should be entered in its favor.

This court cannot agree. Although this court inadvertently cited *Allstate Insurance Co. v. Sentry Insurance,* 563 F. Supp. 619, 632 (E.D. Pa. 1983), instead of *Brack v. Allstate Insurance Co.,* 666 F. Supp. 703 (M.D. Pa. 1986), in a footnote of its order of September 23, 1992, the verdict remains. In an effort to clarify this matter, the court will address both cases.

In *Sentry, supra,* an automobile insurer brought declaratory judgment action against the homeowner insurer for declaration of rights and responsibilities with respect to suit against the insureds. The suit arose out of the following instance; a desk was being transported from an eighth-floor office to a pickup truck parked on the street below when the desk fell off the dolly and injured an individual. The court held that the homeowner insurer, and not the automobile insurer, would be required to defend and indemnify insureds because the truck was neither an active factor nor in any way connected with the accident.

In *Brack v. Allstate Insurance Co.,* 666 F.Supp. 703 (M.D. Pa. 1986), plaintiff was injured while performing tasks as a sub-contractor for Robert Green, t/a B&G Carpentry, at the premises of Kane Warehousing Inc. Plaintiff was an insured under the terms of a policy of automobile insurance issued to his mother by Allstate Insurance Co. Plaintiff was injured when a wooden window frame struck the scaffolding that he was standing on. The frame was being hoisted to plaintiff's position on the scaffolding. One end of the rope was attached to the wooden frame, while the other end of the rope was tied to the side of a truck. To lift the frame, the truck was driven away from the scaffolding. The court held that the plaintiff's injuries arose out of the maintenance or use of a motor vehicle.

The case at bar is analogous to *Brack, supra.* There, as here, the vehicle was an active factor in causing the injuries. In *Brack,* the movement of the vehicle caused the window frame to strike the scaffolding, causing plaintiff to fall to the ground. Here, the movement of the vehicle caused the chain to tighten, causing the amputation of plaintiff's finger. It is clear that the movement of the vehicle was the cause of the injury or accident in question. This type of causation is enough to satisfy the provisions of the insurance policy. *Schweitzer v. Aetna Life & Casualty Co.,* 306 Pa. Super. 300, 306, 452 A.2d 735, 737 (1982) ("'but for' causation, i.e., a cause and result relationship, is enough to satisfy this provision of the policy.")

For the foregoing reasons, this court finds the plaintiff's injuries arose out of the maintenance or use of a motor vehicle; therefore, defendant's post-verdict motions will be denied.

### ORDER

And now, January 22, 1993, defendant's post-verdict motions are hereby denied.